UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

KENDRICK BENNETT, ET AL.            CASE NO. 2:19-CV-00158

VERSUS                             JUDGE JAMES D. CAIN, JR.

MCDERMOTT INTERNATIONAL            MAGISTRATE JUDGE KAY
INC., ET AL.

## MEMORANDUM RULING AND ORDER

Before the court is a Motion for Sanctions filed under Rule 11 of the Federal Rules of Civil Procedure by defendant CB&I, LLC ("CB&I"). Plaintiffs oppose the motion and request reimbursement of attorney fees they have incurred in responding. Doc. 86.

## I.
## BACKGROUND

This motion relates to plaintiffs' suit filed against their alleged employers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Louisiana Wage Payment Act ("LWPA"), Louisiana Revised Statute § 23:631 *et seq.* Plaintiffs claimed that they were entitled to compensation under those statutes for time spent commuting to and from work on an employer-mandated busing system. *See* doc. 15. Upon consideration of the defendants' motions filed under Rule 12(b)(6), the court dismissed plaintiffs' claims under both laws with prejudice. Docs. 97, 98. CB&I, one of the alleged employers, now moves for sanctions under Rule 11. It argues that plaintiffs' federal claims lack legal or factual support and that plaintiffs' counsel failed to conduct an adequate inquiry into these claims before filing suit. Doc. 64.

## II.
## LAW & APPLICATION

A central purpose of Rule 11 is "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits." *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987). Rule 11(b) provides in relevant part that, by presenting a pleading, motion, or other paper to the court, an attorney certifies to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that:

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

A violation of these provisions by counsel justifies sanctions under Rule 11(c). *See Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003). In determining whether an attorney has violated Rule 11(b), the court uses an objective standard of reasonableness under the circumstances. *Id.* (citing *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994)). The imposition of sanctions under this rule is usually a fact-intensive inquiry, and the trial court is accorded substantial deference. *Thomas v. Capital Sec. Svcs.*, 836 F.2d 866, 873 (5th Cir. 1988).

CB&I argues that plaintiffs failed to conduct a reasonable inquiry into the facts and law prior to filing suit. Specifically, it alleges that (1) plaintiffs' minimum wage claims are impossible under the applicable Fifth Circuit standards and (2) plaintiffs' claims are barred

under the Portal-to-Portal act and applicable precedent.[1] Doc. 64, att. 1. The court did not

reach the first allegation in considering the defendants' motions to dismiss, because it

found that plaintiffs' federal claims were more easily dismissed under the second. For the

purposes of determining whether plaintiffs committed an 11(b) violation, however, the

court will also consider the first allegation here.

## A. Minimum Wage Claims

Plaintiffs Bennett and Collins alleged that they were paid hourly wages of $41.50

and $30.00, respectively, for an average of 60 hours per week. Doc. 15, pp. 14, 19. They

maintained that defendants violated the FLSA's minimum wage provisions by failing to

compensate them for the time they spent on their commutes. As defendants pointed out,

such a claim is impossible under the weekly average wage standard adopted by several

circuits – even if the plaintiffs were entitled to compensation for every single hour of the

week and the wages they were paid were averaged out for that time period, they were still

compensated more than the federal minimum wage of $7.25/hour. *See Norceide v.*

*Cambridge Health Alliance*, 814 F.Supp.2d 17, 22–23 (D. Mass. 2011) (collecting cases).

---

[1] In its reply brief CB&I also complains of "other sanctionable conduct," involving plaintiffs' (1) motion for class certification under Federal Rule of Civil Procedure 23; (2) opposition to Chiyoda's motion to dismiss based on failure to plead an employment relationship, and (3) opposition to defendants' motion for leave to file a supplemental motion to dismiss. Doc. 93, pp. 6–7.

Under Rule 11's "safe harbor" provisions, a motion for sanctions may not be filed until at least 21 days after service on the offending party in accordance with Federal Rule of Civil Procedure 5 and must not be filed if the alleged violation is withdrawn or corrected during this time period. Fed. R. Civ. P. 11(c)(2); *see, e.g., Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). This provision is strictly construed; substantial compliance will not suffice. *In re Pratt*, 524 F.3d 580, 586–88 (5th Cir. 2008). CB&I has shown that its original Rule 11 motion was served on plaintiffs on April 30, 2019, over 21 days before it was filed on July 5, 2019. Doc. 64, att. 2. However, it only alleged legal and factual deficiencies in the two categories described above. Accordingly, it has not given plaintiffs adequate notice of the "other sanctionable conduct" under Rule 11(c)(2) and that conduct is not under consideration in the instant motion.

Plaintiffs argue that their minimum wage standards survive, however, under an hour-by-hour standard. A very small number of district courts (as well as state courts under their own minimum wage laws) have adopted this test, under which a plaintiff need only show that the defendant knowingly failed to compensate him for any hours worked. *Id.* at 23–26; *see D'Arezzo v. Providence Ctr., Inc.*, 142 F.Supp.3d 224, 229 & n. 10 (D.R.I. 2015). The Fifth Circuit has used the weekly average wage standard. *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010). Since that time, however, it affirmed a district court's application of the weekly average wage standard in an unpublished case but also acknowledged the existence of the hour-by-hour standard without rejecting it. *See Albanil v. Coast 2 Coast, Inc.*, 444 F. App'x 788, 804–05 & n. 16 (5th Cir. 2011). District courts within the Fifth Circuit that have considered both approaches have opted for the weekly average age standard. *Sandoz*, 2013 WL 1290204 at *4–*8 (Doherty, J.); *see Magana v. Coleman World Grp., LLC*, 2017 WL 3841887, at *7 (W.D. Tex. Aug. 31, 2017) (collecting cases).

Courts must exercise their authority under Rule 11 with caution, so as not to "chill creativity or stifle enthusiasm or advocacy." *Columbia Gulf Transm. Co. v. United States*, 966 F.Supp. 1453, 1466 (S.D. Miss. 1997) (quotations omitted). An argument is frivolous if it presents no chance of success and no reasonable argument at extending, modifying, or reversing existing law. *Id.* (citing *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)). There is no binding authority in this circuit rejecting the hour-by-hour standard. Plaintiffs have not misstated a rule or the state of applicable precedent on minimum wage tests. Accordingly, they have not engaged in any sanctionable conduct under this claim.

## B. *Applicability of Portal-to-Portal Act*

The court rejected plaintiffs' FLSA claims under the Portal-to-Portal Act, 29 U.S.C. § 254, which limits employers' liability under the FLSA by exempting from compensation certain activities, including "walking, riding, or traveling to and from the actual place of performance of the principal activity . . . which such employee is employed to perform." *Id.* at § 254(a)(1). The court also rejected plaintiffs' claim that their time spent waiting on the buses was compensable, noting that the proper test for compensability was whether the activity was "integral and indispensable to the employee's principal activities" and that plaintiffs' allegations did not reflect such a connection. Doc. 97, pp. 7–14.

The plaintiffs' legal support for these claims was very thin. They relied heavily on a California Supreme Court case that emphasized that the state scheme at issue "differ[ed] substantially" from the FLSA, chiefly because the state law lacked an exemption for travel time like the one contained under the Portal-to-Portal Act. Doc. 97, pp. 8–9. Their test for determining whether an activity was "integral and indispensable" was overturned by a 2014 Supreme Court case, and much of their Fifth Circuit case law was also abrogated by that decision.

Plaintiffs' decision to rely on this authority without admitting to these flaws is troubling. Nevertheless, the compensability of employer-mandated transportation remains relatively untested in the federal courts. It has only been considered once by the Fifth Circuit, in an unpublished opinion, though this court found that decision to be reinforced by a subsequent Supreme Court decision and related Fifth Circuit case law. *See Griffin v. S & B Engineers & Constructors, Ltd.*, 507 F. App'x 377 (5th Cir. 2013). To punish

plaintiffs for attempting to carve out an exception in the absence of clearer authority would chill creativity in this area of the law. Additionally, despite the flaws in plaintiffs' authority mentioned above, defendants and the court would have had to expend at least equal effort opposing and considering, respectively, a better-researched opposition to defendants' motions to dismiss. Plaintiffs' misuse of authority has only been to their own detriment and does not quite rise to the level of a Rule 11(b) violation.

### C. *Request for Costs and Fees*

Plaintiffs request an award of attorney fees incurred in opposing this motion. Doc. 86. Rule 11(c)(2) provides that, "[if] warranted," the court may award reasonable fees and expenses to the prevailing party. In this matter, plaintiffs pursued multiple entities as employers and then complained when they filed separate, largely meritorious motions to dismiss. They opposed a simple motion to supplement on inapplicable grounds. *See* doc. 68. Finally, as demonstrated in the preceding memorandum ruling [doc. 97], they were either unaware of the limitation and abrogation of much of their case law or, worse yet, were attempting to conceal same from opposing counsel and the court. Counsel's conduct in this matter, although not quite sanctionable, does not reflect the level of preparation and professionalism expected here. Accordingly, an award of costs and fees is not warranted.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion for Sanctions [doc. 64] be **DENIED**, with both parties to bear their own costs and fees. This ruling results in closure of the case.

THUS DONE in Chambers on this ___21___ day of ___August___, 2019.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**
