UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KENDRICK BENNETT ET AL** | **CASE NO. 2:19-CV-00158** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MCDERMOTT INTERNATIONAL INC ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court are Motions to Dismiss filed under Federal Rule of Civil Procedure 12(b)(6) by, respectively, defendants Cameron LNG LLC [doc. 110] and McDermott International, Ltd.; CB&I, LLC; and Chiyoda International Corporation [doc 111]. The motions relate to the second amended complaint filed by plaintiffs Kendrick Bennett and Courtlande Collins, and are both opposed. Docs. 119, 120.

### I.
#### BACKGROUND

This suit arises from plaintiffs' employment at the Cameron LNG Liquefaction Project ("LNG Project") in Hackberry, Louisiana. Doc. 15. Bennett and Collins brought suit against the defendants as their employers, alleging that they were required to ride on employer-provided buses between designated parking lots and the job sites and that they were owed compensation for the time spent on this commute under the Louisiana Wage Payment Act ("LWPA"), Louisiana Revised Statute § 23:631 *et seq.*, and the minimum

wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Doc. 15. They also sought certification as a collective action under the FLSA and enrolled hundreds of opt-in plaintiffs who had been employed at the LNG Project. In their first amended complaint, Bennett and Collins alleged "upon information and belief" that other, unidentified "employees are, at times, required to accept work calls and/or discuss job duties for the particular day while on the buses." Doc. 15, ¶ 73. They admitted that they themselves performed no work until they arrived at the job sites. *Id.* at ¶ 9.

  The defendants filed motions to dismiss, which the court granted in part and denied as moot in part. The court held that the LWPA claims failed because there was no agreement or legal duty to pay plaintiffs for their commute time. It also held that the FLSA claims were barred under the general exclusion for commute time applied by the Portal to Portal Act, despite plaintiffs' arguments that the mandatory nature of the system made the activity "integral and indispensable" to the plaintiffs' work. Doc. 97. The plaintiffs appealed the dismissal to the United States Court of Appeals for the Fifth Circuit, which affirmed same but found that the court ought to have granted plaintiffs' open-ended request to amend in order to give them "another bite at the FLSA apple." Doc. 102, pp. 16–17. Accordingly, the panel remanded the matter to this court.

  The judgment of dismissal was then amended to reflect that plaintiffs' claims were dismissed without prejudice and plaintiffs were granted leave to file their second amended complaint. Doc. 107. Here plaintiffs claim entitlement to overtime wages based on "[t]ime

spent working during use of the Defendants' mandatory transportation system" and "[t]ime spent participating in . . . required prestart safety meetings." *Id.* at ¶¶ 109–20, 180–81. They also allege that defendants failed to pay them a minimum wage based on these additional hours, despite their respective hourly compensation rates of $41.50 and $30.00. *Id.* at ¶¶ 157–72, 91 & 93.

Under the section "Work Performed on the Buses," plaintiffs describe the following allegedly compensable activities: (1) placing and accepting work calls, (2) meeting and discussing the upcoming day's job duties and schedule, (3) transporting personal tools and other work-related belongings, (4) transporting personal protective equipment, and (5) completing "various work-related documents, including, but not limited to, Job Safety and Environmental Analyses (JSEAs)."[1] *Id.* at ¶¶ 120–25. Under the section "Prestart Safety Meetings," plaintiffs also allege that they often arrived at the Cameron LNG site before the start of their scheduled shifts and that defendants required them to participate in prestart meetings lasting on average between 15 and 45 minutes before they could approach their designated work areas, with some to all of the meeting taking place before the scheduled start time. *Id.* at ¶¶ 146–48. Because defendants' computerized time recording system automatically records employees' start time as the scheduled start time, they further allege, they were not compensated for any portion of the safety meeting that took place before their shifts began. *Id.* at ¶¶ 150–51.

---

[1] Plaintiffs then continue on with several paragraphs about the alleged necessity and burdens of the transportation system. Doc. 107, ¶¶ 126–45.

Defendants have now filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants CB&I LLC, Chiyoda International Corporation, and McDermott International, Ltd. assert that (1) any claims for overtime pay based on time spent on the mandatory busing system must be dismissed based on prior rulings of this court and the Fifth Circuit, (2) Fifth Circuit precedent precludes plaintiffs' inadequately pled minimum wage claims, (3) plaintiffs do not plead plausible 'off-the-clock' FLSA claims, (4) plaintiffs fail to plausibly plead that defendant Chiyoda is a joint employer, (5) plaintiffs' collective action allegations are overbroad and implausible, and (6) under the Mandate Rule, plaintiffs' claims must be dismissed with prejudice. Doc. 111, att. 1. Defendant Cameron LNG, LLC has filed a separate motion, raising the same general concerns on the merits of plaintiffs' claims and asserting that plaintiffs have not shown that they are a joint employer. Doc. 110, att. 1.

## II.
## LAW & APPLICATION

### A. Rule 12(b)(6) Standards

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean*

*Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

#### 1. Employer Status

Cameron and Chiyoda move for dismissal of the claims against them on the grounds that plaintiff's allegations fail to show that they are employers, and therefore potentially liable under the FLSA. The court rejected these arguments on the previous round of motions to dismiss, stating:

> The plaintiffs offer no allegations as to their employment status or relation to the defendants other than to assert defendants' role in the liquefaction project and label them as employers. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient even at the pleading stage. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). As district courts have noted, however, "[t]he contention that a particular defendant is an employer 'is the very definition of a factual allegation upon which plaintiffs are entitled to offer proof." *Rodriguez v.*

> *Gold & Silver Buyers, Inc.,* 2013 WL 5372529, at *3 (S.D. Tex. Sep. 24, 2013) (quoting *Moreno v. EDCare Mgmt., Inc.* 243 F.R.D. 258, 260 (W.D. Tex. 2007)); *see, e.g., Mejia v. Bros. Petrol, LLC,* 2015 WL 3619894, at *3-*4 (E.D. La. Jun. 9, 2015) (cursory allegation of employer status sufficient under FLSA claim); *Bodnar v. Newport Corp. of La.,* 2011 WL 4575122, at *4-*5 (E.D. La. Sep. 29, 2011) (same, under the LWPA). Accordingly, plaintiffs' allegations of employment status suffice to support their FLSA and LWPA claims.

*Bennett v. McDermott Int'l, Inc.*, 2019 WL 3891178, at *2 (W.D. La. Aug. 15, 2019). Plaintiffs have added allegations regarding the various employers, and defendants claim that these are sufficient to show at least in regard to Chiyoda and Cameron LNG that no direct or joint employment relationship existed. However, plaintiffs maintain their general allegation of a joint employment relationship and are entitled to discovery and proof thereon if their claims survive this motion. Accordingly, the motion is denied as to the employment relationship arguments.

### 2. Minimum Wage Claims

Defendants next move to dismiss plaintiffs' claims of FLSA minimum wage violations. As they note, Bennett and Collins have alleged that they were compensated for an average of 60 hours per week at respective hourly wages of $41.50 and $30.00. At this weekly compensation rate, they were still earning more than the federal minimum wage of $7.25/hour under the work-week test used by the Fifth Circuit for such claims even if they somehow managed to work all 168 hours a week.[2] *See Castellanos-Contreras v. Decatur*

---

[2] Bennett: 60 x $41.50 = $2,490.00; $2,490.00/168 = $14.82
Collins: 60 x $30.00 = $1,800.00; $1,800.00/168 = $10.71

6

*Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010). As for the opt-in plaintiffs, the court finds that they are improperly joined below and will not test the allegations based on all of their identified wages and possible compensable hours. Even at the lowest alleged compensable rate of $15/hour, however, the court finds it scarcely credible that any plaintiff could claim he spent enough additional hours performing compensable and unpaid labor to bring his hourly rate under the federal minimum wage.

Plaintiffs urge this court to employ a minority test, under which there is a FLSA minimum wage violation if any hours are uncompensated. *See Norceide v. Cambridge Health Alliance*, 814 F.Supp.2d 17, 23–26 (D. Mass. 2011) (collecting cases). As the undersigned noted in denying defendants' motion for Rule 11 sanctions, the approach has been considered recently in a number of federal courts and plaintiffs' counsel has not committed any error in urging this court to do likewise:

> The Fifth Circuit has used the weekly average wage standard. *Castellanos-Contreras v. Decatur Hotels, LLC,* 622 F.3d 393, 399 (5th Cir. 2010). Since that time . . . it affirmed a district court's application of the weekly average wage standard in an unpublished case but also acknowledged the existence of the hour-by-hour standard without rejecting it. *See Albanil v. Coast 2 Coast, Inc.*, 444 F. App'x 788, 804–05 & n. 16 (5th Cir. 2011). District courts within the Fifth Circuit that have considered both approaches have opted for the weekly average age standard. *Sandoz*, 2013 WL 1290204 at *4-*8 (Doherty, J.); *see Magana v. Coleman World Grp.*, *LLC*, 2017 WL 3841887, at *7 (W.D. Tex. Aug. 31, 2017) (collecting cases).

*Bennett v. McDermott Int'l, Inc.*, 2019 WL 3996478, at *2 (W.D. La. Aug. 21, 2019). Accordingly, there is no binding authority in this circuit rejecting the approach urged by plaintiffs. Contrary to plaintiffs' arguments, however, the court may select its approach at

7

the pleading stage because it does not depend on any discovery and instead relies on the factual allegations made as to plaintiffs' wages and the purely legal questions raised as to what theory more accurately captures violations of FLSA's minimum wage protections. This court is persuaded by Judge Doherty's careful analysis in *Sandoz*, noting both the Department of Labor's preference for the work week as a unit of measurement and the many prior decisions upholding that standard. Accordingly, it will reject plaintiffs' minimum wage claims under the work-week standard.

### 3. Overtime Claims

The defendants next move for dismissal of plaintiffs' overtime claims. As they point out, the Fifth Circuit has already affirmed that time spent on the busing system is not compensable merely because it was required or inconvenient. Accordingly, the court confines its analysis to plaintiffs' allegations that (1) they engaged in mandatory, compensable work through shift briefing, completing paperwork, placing and accepting work calls, and transporting tools and PPE during their commute[3] and (2) they participated in pre-start safety meetings, lasting between 15 and 45 minutes, with some to all of these meetings taking place before their shifts began.

Defendants argue that these claims are too individualized to support the joinder of the 1305 opt-in plaintiffs or to provide a basis for a collective action under the FLSA. The court agrees as to joinder, infra, given plaintiffs' attempts to plead around *Swales*. But it is

---

[3] Only the first three activities seem potentially compensable under the FLSA and Portal to Portal Act.

premature to determine at this stage whether a collective action could be established based on employees who allege that they were subject to the same requirements. Accordingly, the motion will be denied in this regard.

### 4. Joinder

Finally, plaintiffs Bennett and Collins have attempted to join the 1,305 opt-in plaintiffs from their first amended complaint as named plaintiffs to this action. Defendants move to dismiss the claims of these opt-in plaintiffs on the grounds of implausibility and non-compliance with Federal Rule of Civil Procedure 20.

Rule 20 governs permissive joinder and provides:

> Persons may join in one action as plaintiffs if:
> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "[E]ven if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (internal citations omitted).

As defendants note, joinder of the opt-in plaintiffs is a blatant attempt to plead around traditional FLSA collective action procedures. And as plaintiffs implicitly acknowledge, they now face a stonier road to collective certification in light of the Fifth Circuit's recent decision in *Swales v. KLLM Transport Service, LLC*, 985 F.3d 430 (5th

9

Cir. 2021).[4] Doc. 107, p. 8 n. 4. The Fifth Circuit has affirmed a denial of joinder when plaintiffs in a de-certified collective action attempt to join the prospective class members as plaintiffs. *Acevedo*, 600 F.3d at 522. Here the defendants have not had the opportunity to test plaintiffs' collective allegations through the certification process. But the court finds it highly improbable that the 1305 plaintiffs who opted into this suit based on entitlement to compensation for their entire commute are likewise so similarly situated with regard to work performed on the bus and shift briefing requirements that the court should forego *Swales* and FLSA's procedures and instead allow all plaintiffs to join their claims individually in what amounts to a *de facto* collective action. Accordingly, the opt-in plaintiffs' claims will be dismissed without prejudice. Named plaintiffs Bennett and Collins may instead proceed with a collective action for their FLSA overtime claims, and seek certification of any collective action subject to the procedures laid out in *Swales*.

### 5. Dismissal with prejudice

Plaintiffs request that the court provide them with an opportunity to amend or provide a more definite statement in lieu of dismissing any claims in this matter. Defendants urge that no such leave be given, in light of the prior attempts at amendment.

---

[4] For many years, courts in the Fifth Circuit used a two-step process of conditional certification, discovery, and then a final determination as to whether the opt-in plaintiffs in a FLSA collective action were similarly situated and could proceed to trial as a collective. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). In *Swales*, the Fifth Circuit rejected this approach and instead adopted a framework through which "a district court must rigorously scrutinize the realm of 'similarly situated' workers, and must do so from the outset of the case, not after a lenient, step-one 'conditional certification.' Only then can the district court determine whether the requested opt-in notice will go to those who are actually similar to the named plaintiffs." 985 F.3d at 434. Accordingly, under *Swales* plaintiffs face a steeper burden to proceeding with a collective action under the FLSA.

The court notes that only the named plaintiffs' minimum wage claims are being dismissed with prejudice, and that there is no way for plaintiffs to cure the defects in those claims. The court's ruling as to the opt-in plaintiffs allows them to return as such if this action is certified as a collective action under the FLSA. Accordingly, there is no basis for granting plaintiffs an open-ended leave to amend at this point.

### III.
#### CONCLUSION

For the reasons stated above, the Motions to Dismiss [docs. 110, 111] will be **GRANTED IN PART** and **DENIED IN PART**. The claims of all opt-in plaintiffs are **DISMISSED WITHOUT PREJUDICE** and the minimum wage claims of plaintiffs Bennett and Collins will be **DISMISSED WITH PREJUDICE**. Otherwise, plaintiffs Bennett and Collins' FLSA overtime claims and collective action allegations survive to the extent they claim they are due compensation for pre-start safety briefings and mandatory work performed during their commutes.

**THUS DONE AND SIGNED** in Chambers on this 27th day of September, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**