**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

KENDRICK BENNETT ET AL                    CASE NO.  2:19-CV-00158

VERSUS                                    JUDGE JAMES D. CAIN, JR.

MCDERMOTT INTERNATIONAL INC      MAGISTRATE JUDGE LEBLANC
ET AL

**MEMORANDUM RULING**

Before the Court is "Defendant's Rule 41 Motion to Dismiss" (Doc. 221), wherein, Defendants, McDermott International, Ltd., CB&I LLC, CHIYODA International Corporation, and Cameron LNG, LLC  move to dismiss with prejudice any and all claims made by Claimants/Plaintiffs, Kendrick Bennett, Marcus Bennett, Isaiah Carey, Ralph Collum, Nathaniel Crossley, Michael Fields, Wyatt Freeman, Byron Gosey, Jeffrey Harmon, Arthur Hill, Darrell James, Fernando Mendoza, Carrol Olivier, and Jamal Thomas[1] against these Defendants for failure to comply with this Court's May 11, 2026 Order.[2] Defendants also move to vacate the settlement agreements between these Plaintiffs and Defendants and vacate any obligation of any of the Defendants to pay funds and fees, including, but not limited, attorney fees and/or costs that are specifically allocated to the fourteen (14) remaining noncompliant Plaintiffs.

---

[1] Since the Court's May 11, 2026 Order, Opt-ins Eugene English and Michael Trunell have complied with executing the appropriate documents and funds have either been released or are in process of being released.
[2] The Order required these Plaintiffs to execute and provide a release of claims form and IRS Form within 30 days. Doc. 220.

## BACKGROUND

The instant lawsuit was filed as a class action and collective action on February 7, 2019, alleging that Defendants had violated the Fair Labor Standards Act ("FLSA").[3] Numerous Plaintiffs opted in and joined the lawsuit. A settlement-in-principle was reached on April 9, 2024. To that end, it was incumbent upon Plaintiff's counsel to procure a release from each Claimant, along with other relevant matters such as the specific value amounts per individual Plaintiff and tax documents (W-4). Numerous extensions were granted; it appears that many Plaintiffs could not be found and/or refused to execute releases.[4] As of this date, 14 Plaintiffs have allegedly failed to comply with the Court's Order, and as such, Defendants move to dismiss these Plaintiffs' claims with prejudice for failure to prosecute their claims. As to Claimants Freeman and Hill, Defendants advise the Court that although these two Claimants executed the release and tax documents,  Defendants move to dismiss them due to allegedly improperly executed W-4s.

## LAW AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to

---

[3] Doc. 1.
[4] See Doc. 215 for a detailed timeline of the extensions and other relevant information.

comply with any court order." *Spotts v. Lara*, 2017 WL 4506800, at *1 (E.D. Tex. July 6, 2017), report and recommendation adopted, 2017 WL 4506799 (E.D. Tex. Aug. 11, 2017), *aff'd*, 728 Fed. Appx. 409 (5th Cir. 2018) (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998)); see also Fed. R. Civ. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Spotts v. Lara*, 2017 WL 4506800, at *1 (E.D. Tex. July 6, 2017) (quoting *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

The Fifth Circuit has held that a dismissal under Rule 41(b) should be granted where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1985)). Failure to comply with court orders after being warned that such failure would result in dismissal has been held to be "contumacious conduct" warranting dismissal under Rule 41(b). *Dorsey v. Scott Wetzel Services, Inc.*, 84 F.3d 170, 171-72 (5th Cir. 1996); *Hawkins v. AT& T Corp.*, 2003 WL 22736525 at *3 (W.D. Tex. Nov. 12, 2003); see also, *Trotter v. Lauren Engineers & Constructers, Inc.*, 2017 WL 1854989, at *2 (M.D. La. May 8, 2017) (finding clear record of delay and contumacious conduct by plaintiff which could

not be remediated through lesser sanctions than dismissal where plaintiff ignored the court's orders).

Defendants maintain that despite the Court's clear warnings that failure to comply could result in dismissal, these 14 Plaintiffs have failed to sign the release agreements and complete the requisite tax forms (W-4s). Noting that two (2) years have passed since the settlement in this matter was reached, Defendants complain that Plaintiffs failed to inform their counsel of current contact information that has impeded the parties' attempts bring closure to this lawsuit.

Defendants request that the Court order that the relevant settlement agreements be vacated, including all funds allocated as attorneys fees and costs.  With the exception of Freeman and Hill, counsel for Plaintiffs does not oppose the dismissal of the unresponsive Plaintiffs but opposes any forfeiture of attorney fees and costs as to these unresponsive Plaintiffs.

Defendants argue that Plaintiff's counsel is not entitled to any payment for attorney fees and costs when counsel failed to secure settlement for these specific Plaintiffs. Additionally, Defendants argue that they only agreed to pay settlement funds upon each claimant's execution of a settlement agreement that contained specific conditions for payment, including, among other things, a full release of claims and confidentiality provisions.

Plaintiffs' counsel maintains that part of the issue regarding these last Plaintiff's failure to execute settlement agreements lies with Defendant's conduct over the past two

years.  Counsel provides a timeline from April 2024, when the parties reached a settlement to present day.  It appears from April 2024, until February 5, 2025, Defendants did not provide a copy of a proposed release to Plaintiff's counsel. Thus, Plaintiffs' counsel could not present any release to the Plaintiffs until February 5, 2025.

Plaintiffs' counsel also notes that Defendants had issues with the executed releases and/or tax forms provided by "responsive Plaintiffs,"[5]  further noting that many of these Plaintiffs travel for work and had limited access to printers, scanners, and email/internet. Furthermore, counsel complains that Defendants fail to specify any purported problems with the releases and tax forms. Plaintiffs' counsel informs the Court that a vast majority of the requests for extensions were due to Defendants' decision to change the terms of payment/settlement structure seven (7) months after the parties agreed to a lump sum settlement, failure to produce a proposed release, failure to timely issue settlement checks, and failure to note purported issues with the settlement documents. Thus, counsel represents that Defendants contributed to the delay in confecting the settlement.

With regard to Plaintiffs Freeman and Hill, Defendants make the conclusory statement to the Court that the requisite W-4s were invalid, which would affect the tax withholdings.  Defendants do not inform the Court as to how and by what authority the W-4s are allegedly invalid, nor do Defendants provide the Court with the W-4s to support their argument.  The Court finds that if the W-4s are invalid, that issue must be resolved between the Internal Revenue Service and the Plaintiffs. As such, as to Freeman and Hill,

---

[5] Opposition, p. 3, Doc. 224.

the Court will deny Defendants' Motion to Dismiss. Additionally, the Court will order Defendants to complete the process of payments as to these two Plaintiffs within 30 days of the date of this Memorandum Ruling and Judgment.

As to the remaining Plaintiffs,[6] the Court finds that there is no basis in law, and Plaintiffs' counsel has provided no legal support for his position that he is entitled to attorney fees and costs for clients that did not execute a release and provide the appropriate tax documents to consummate the settlement agreement. The FLSA mandates an award of attorneys' fees to a *prevailing* plaintiff. *See* 29 U.S.C.§ 216(b). Here, these Plaintiffs did not prevail through a judgment or a consent decree, and they failed to complete the settlement process. As such, the Court finds that as to these 12 Plaintiffs, the settlement agreements will be vacated, the 12 remaining Plaintiffs will be dismissed with prejudice, and finally, no attorney fees and costs will be awarded to Plaintiffs' counsel as to the 12 dismissed Plaintiffs.

## CONCLUSION

For the reasons explained herein, the Court will grant Defendants' Motion to Dismiss in part, and deny it in part. The Court will grant Defendants' Motion to Dismiss Plaintiffs, Kendrick Bennett, Marcus Bennett, Isaiah Carey, Ralph Collum, Nathaniel Crossley, Michael Fields, Byron Gosey, Jeffrey Harmon, Darrell James, Fernando Mendoza, Carrol Olivier, and Jamal Thomas, and deny counsel's request for attorney fees

---

[6] Kendrick Bennett, Marcus Bennett, Isaiah Carey, Ralph Collum, Nathaniel Crossley, Michael Fields, Byron Gosey, Jeffrey Harmon, Darrell James, Fernando Mendoza, Carrol Olivier, and Jamal Thomas.

and costs as to these Plaintiffs; as to Plaintiffs Wyatt Freeman and Arthur Hill, the Court will deny Defendants' Motion to Dismiss, and order Defendants to process the settlement payments within 30 days of this Memorandum Ruling and contemporaneous Judgment.

**THUS DONE AND SIGNED** in chambers on this 28th day of July, 2026.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE